**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Allan Moore, | Case No. 2:24-cv-01684-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT and RECOMMENDATION** |
| METRO Police Department, et al, | |
| Defendants. | ECF No. 5 |

**On 4/3/25, the magistrate judge entered this order, report, and recommendation [5]:**

Nevada state-prison inmate Allan Moore brings this civil-rights case under 42 U.S.C. § 1983 for events that occurred after his apartment was burglarized. Mr. Moore submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. As a result, his request to proceed *in forma pauperis* will be granted.

The court now screens Mr. Moore's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915A(a) and reviews his motion for appointment of counsel (ECF No. 1-2).

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id*. (citation omitted).

**II.     Factual Allegations**

Mr. Moore alleges that his apartment was burglarized on February 3, 2024. At that time he was incarcerated, so he could not file a report with the police department. Several of his family members and friends (who based on the complaint appear to be black) attempted to file a report (several times) and were not allowed to do so. His cousin was able to file a report online, but no investigation ensued. In short, he lost $60,000 worth of property. In turn, he attempts to

assert the following claims: "procedural due process right," "equal protection right," and the "right not to be discriminated against" based on his race. He seeks compensatory and punitive damages.

**III.     Analysis**

**A.  Fourteenth Amendment due process**

To state a Fourteenth Amendment procedural due process claim, a plaintiff must allege he was deprived of a constitutionally protected liberty or property interest without due process. *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022).

Mr. Moore cannot sue defendants Clark County and Metro for the actions of its employees. There is no respondeat superior liability in § 1983 actions. A municipality may be liable under § 1983 only if the municipality itself caused the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). Thus, to state a claim against these defendants, Mr. Moore must allege that he suffered a constitutional deprivation that was caused by a policy or custom attributable to Clark County or Metro. While a single occurrence will not suffice to show the existence of a policy, one may be inferred from widespread practices or "evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir.1992).

The Ninth Circuit has clearly stated that an inadequate police investigation is insufficient to state a civil rights claim unless there was another recognized constitutional right involved. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). This Court recognizes that Mr. Moore alleges the actions here were motivated by racial animus, and it turns to that claim next. But as to this claim, this Court recommends that it be dismissed with prejudice.

**B.  Fourteenth Amendment equal protection**

The Equal Protection Clause of the Fourteenth Amendment requires persons who are similarly situated to be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can state an equal protection claim by setting forth facts which plausibly allege intentional discrimination based on membership in a protected class. *Hartmann v. Cal.*

*Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."); *Fields v. Legacy Health Sys.*, 413 F.3d 943, 955 (9th Cir. 2005) (identifying "race, alienage, national origin" as examples of characteristics protected by the Equal Protection Clause). As explained above, in order to state a claim against these Defendants, Mr. Moore must allege constitutional deprivation that was caused by a policy or custom attributable to Clark County or Metro.

Liberally construing the complaint, this Court interprets the allegations to state that the defendants refused to accept a police report and/or failed to investigate due to racial animus and that plaintiff suffered an injury based on the discriminatory practice.[1] Thus, Mr. Moore has sufficiently asserted a *Monell* claim against Metro and Clark County based on a violation of the Fourteenth Amendment equal protection clause.

### C. "Right not to be discriminated against"

Mr. Moore's third claim appears to be based on the same facts as the second claim. As a result, this Court recommends it be dismissed as duplicative.

### IV. Appointment of counsel

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989); see also *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (forfeiture proceedings). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (Bivens action); *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam) (§ 1983 action); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (Section 1983 action).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the

---

[1] This Court will not analyze any potential standing issues at this stage of the litigation.

complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (§ 1983 action)); *see also Palmer*, 560 F.3d at 970; *$292,888.04 in U.S. Currency*, 54 F.3d at 569; *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (Section 1983 claims). Appointment of counsel may be justified when proceedings will go forward "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Here, Plaintiff explains he is incarcerated, which limits his ability to research and litigate the case, and that he has limited knowledge of the legal process. The courts see hundreds of these requests which, unfortunately, do not constitute "exceptional circumstances." While it is early in the proceedings to evaluate the likelihood of success on the merits, the Court finds that Plaintiff properly pled a claim. For those reasons, at this stage, his request is denied.

### V.     Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Southern Desert Correctional Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Allan Moore, # 1272160 (in months that the account exceeds $10.00) until the full filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Warden Ronald Oliver, P.O. Box 208, Indian Springs, NV 89070.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER RECOMMENDED** that the *Monell* claim based on a violation of the Fourteenth Amendment procedural due process clause be dismissed with prejudice.

     **IT IS FURTHER ORDERED** that the *Monell* claim based on a violation of the Fourteenth Amendment equal protection clause may proceed against METRO and Clark County.

     **IT IS RECOMMENDED** that the third claim, "Right not to be discriminated against" be dismissed as duplicative.

     **IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 1-2) is denied.

**VI.    Service instructions**

     **IT IS ORDERED** that the Clerk of Court is kindly directed to issue summonses to: (1) METRO and (2) Clark County.

     **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the summonses and two copies of the complaint filed at ECF No. 1-1 to the United States Marshals Service ("USMS") for service.

     **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff two copies of Form USM-285.7

     **IT IS FURTHER ORDERED** that Plaintiff must complete a USM-285 form for each Defendant against whom Plaintiff's claims are proceeding and provide an address where each Defendant can be served with process. Once completed, Plaintiff must provide the completed USM-285 forms to USMS. Plaintiff shall have until May 5, 2025, to furnish USMS with the required form.

     **IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the copies of the operative complaint—and under Federal Rule of Civil Procedure 4(c)(3)—USMS shall attempt service upon the Defendants.

     **IT IS FURTHER ORDERED** that, within 21 days of receiving form USM-285 from USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on a Defendant, he must file a motion with the Court identifying the Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until July 2, 2025, to accomplish service on Defendants under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon the Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

## ORDER ADOPTING REPORT & RECOMMENDATION

The deadline for any party to object to this recommendation was 4/17/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 5] is ADOPTED in its entirety**. IT IS ORDERED that Plaintiff's *Monell* claim based on a violation of the Fourteenth Amendment procedural due process clause is dismissed with prejudice, and his third claim entitled "Right not to be discriminated against" is dismissed as duplicative. Plaintiff is reminded that he has until May 5, 2025, to furnish the United States Marshals service with the required USM-285 forms so that the defendants can be served with process; service of process must be completed by July 2, 2025.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 28, 2025