**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Allan Moore,<br>Plaintiff,<br>v.<br>Metro Police Dept., Clark County,<br>Defendants. | Case No. 2:24-cv-01684-JAD-DJA<br><br>**Order and Report and Recommendation** |

On April 3, 2025, the Court screened pro se Plaintiff's complaint; sent him two USM-285 forms to serve Defendants; and gave Plaintiff until May 5, 2025, to send the United States Marshals Service ("USMS") his USM-285 forms and until July 2, 2025, to accomplish service. (ECF No. 5). After the summonses were returned unexecuted because the USMS did not receive Plaintiff's USM-285 forms (ECF No. 11), the Court extended Plaintiff's deadline to send the USMS his USM-285 forms to June 19, 2025 (ECF No. 12). The summonses were again returned unexecuted on June 20, 2025, because the USMS did not receive Plaintiff's USM-285 forms. (ECF No. 14). So, the Court extended Plaintiff's deadline to send the USMS his USM-285 forms to September 14, 2025, and extended the service deadline to November 12, 2025. (ECF No. 17).

On September 23, 2025, the summonses were returned unexecuted because the USMS had not received Plaintiff's USM-285 forms. (ECF No 21). Acknowledging that Plaintiff did not receive the Court's prior order regarding service given his address change, the Court therefore gave Plaintiff "one more chance to serve Defendants." (ECF No. 22).[1] It extended the deadline for Plaintiff to send his USM-285 forms to the USMS to January 15, 2026, and the deadline for Plaintiff to accomplish service to February 16, 2026. (*Id.*). The Court further warned Plaintiff

[1] This order (ECF No. 22) was sent to Plaintiff electronically given his consent for electronic service of documents filed on July 25, 2025 (ECF No. 16).

that "[f]ailure to timely serve Defendants will likely result in a recommendation that this case be dismissed for failure to complete service of process pursuant to Federal Rule of Civil Procedure 4(m)." (*Id.*).

On February 4, 2026, this case was randomly reassigned to the undersigned magistrate judge. (ECF No. 25). On February 6, 2026, the summonses were again returned unexecuted because the USMS did not receive the USM-295 forms. (ECF No. 26). Given the history of non-service in this action, the assigned magistrate judge recommends dismissal of this case without prejudice. A dismissal without prejudice allows Plaintiff to refile a case with the Court, under a new case number.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not timely served Defendants and has not complied with the Court's orders regarding service, the Court recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR[2] IA 11-8(e) (providing that the Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with any order); *see Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue…[t]he opportunity to brief the issue fully satisfies due process

---

[2] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

requirements"). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to properly serve Defendants with this lawsuit impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to initiate this action by serving it and Plaintiff's failure to comply with the Court's orders. The third factor weighs in favor of dismissal because the longer this case is carried on, the more difficult it will be for Defendants to defend against it because witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, lesser sanctions are not available if Plaintiff will not comply with Court orders. So, the Court recommends dismissing this case without prejudice.

**ORDER**

**IT IS ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this report and recommendation.

**RECOMMENDATION**

**IT IS RECOMMENDED** that this case be dismissed without prejudice.

///

///

///

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: July 15, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE