**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Allan Moore,

Plaintiff

v.

Las Vegas Metropolitan Police Department and Clark County,

Defendants

Case No.: 2:24-cv-01684-JAD-DJA

**Order Overruling Plaintiff's Objection, Adopting Magistrate Judge's Recommendation, and Dismissing Case**

[ECF Nos. 27, 28]

Plaintiff Allen Moore filed this lawsuit in September 2024, contending that the Las Vegas Metropolitan Police Department and Clark County violated his constitutional rights when they failed to properly respond to his and his family members' reports that Moore's home had been burglarized.[1] In March 2025, the magistrate judge screened the complaint and ordered Moore to fill out forms so that the U.S. Marshals Service (USMS) could serve it on the defendants.[2] But at around that time Moore changed addresses and appeared not to receive the court's order.[3] So in May, the magistrate judge sent another copy of the USMS forms that Moore needed to fill out before the Marshals could complete service.[4] Moore again failed to send back those forms.[5] The

[1] ECF No. 6.

[2] ECF No. 5.

[3] *See* ECF Nos. 8, 9, 11.

[4] ECF No. 12.

[5] ECF No. 14. It appears that in July, Moore attempted to serve the defendants through certified mail. ECF No. 15. But service by mail is ineffective under both federal and Nevada law. *See* Fed. R. Civ. P. 4(j)(2); Nev. R. Civ. P. 4.2(d)(3) (establishing requirements for serving state or local governments).

magistrate judge gave Moore two more extensions of time to complete service, and each time Moore failed to fill out the forms the Marshals need to serve the defendants in this case.[6]

In addition to failing to provide the USMS forms required for service, Moore had not filed anything in this case since July 2025. A year later, the magistrate judge recommends that this case be dismissed without prejudice for failure to serve and comply with court orders.[7] Moore filed a "response" to the report and recommendation, contending that he is entitled to latitude as a pro se litigant and urging the court to "demonstrate patience" with him as he "tries to navigate these complex legal matters and difficult legal issues."[8] He also contends that the merits of his claims should be considered because the defendants allegedly violated his constitutional rights.[9]

I construe Moore's response as an objection to the magistrate judge's report and recommendation. When a party objects to a magistrate judge's report and recommendation (R&R) on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[10] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[11]

---

[6] ECF Nos. 17, 19, 21, 22, 26.

[7] ECF No. 27.

[8] ECF No. 28 at 1–2.

[9] *Id.* at 2–4.

[10] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[11] 28 U.S.C. § 636(b)(1).

Moore's objection does not address the reason why the magistrate judge recommends dismissal of his case: he failed to properly serve the defendants for more than a year. As stated in the recommendation, Federal Rule of Civil Procedure 4(m) requires dismissal or an extension of time if a defendant is not served within 90 days. Moore has been given three extensions of time to properly serve the defendants, yet he has failed to do so. His objection fails to explain the reasons for his inability to fill out the USMS forms and does not provide good cause to give him yet another chance to do so. And without proper service, this court does not have jurisdiction over the defendants in this case.[12] So I conclude that the magistrate judge properly considered the factors for dismissal under *Carey v. King*[13] and found that Moore's failure to serve the defendants (1) impedes the public's interest in expeditious resolution of litigation, (2) thwarts the court's need to manage its docket, (3) prejudices the defendants' ability to litigate this case as witness's memories fade and evidence is lost, and (4) lesser sanctions aren't available if Moore will not comply with court orders.[14] So I adopt the magistrate judge's order and dismiss this case without prejudice.

---

[12] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

[13] *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

[14] *See* ECF No. 27 at 2–3. Though the public policy favoring disposition of cases on their merits weighs in Moore's favor, it does not outweigh the other factors.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Allan Moore's objection **[ECF No. 28] is OVERRULED** and the magistrate judge's report and recommendation **[ECF No. 27] is ADOPTED in its entirety**. Moore's complaint is DISMISSED. The Clerk of Court is directed to ENTER JUDGMENT accordingly and **CLOSE THIS CASE**.

U.S. District Judge Jennifer A. Dorsey
November 20, 2026